[No. 10,027.]

## THE PEOPLE *v.* JOHN BRANNON.

EVIDENCE REQUIRED TO CONVICT.—In the decision of a criminal case involving life or liberty, something more than a mere preponderance of evidence is required to convict the defendant. There must be in the minds of the jury an abiding conviction to a moral certainty of the truth of the charge, derived from a comparison and consideration of the evidence.

APPEAL from the District Court of the Fifth Judicial District, County of San Joaquin.

The defendant was indicted for the crime of murder, committed in the killing of Wm. H. Wall. The defense was that the killing was done in self-defense against a felonious assault by one Fisher, the shot by which the deceased was killed having been aimed at Fisher. The evidence was conflicting. The defendant was convicted of murder in the second degree and recommended to the mercy of the court.

The appeal is from the judgment and from an order denying a new trial.

*J. H. Budd*, for Appellant, cited Section 1835, Code of Civil Procedure, and 5 Cushing, 320.

*Attorney-General Love*, for the Respondent.

By the COURT:

There is evident error in the latter portion of the sixth instruction given at the request of the prosecution. The jury were told that it was their duty to convict if they should " be satisfied of the guilt of the defendant to such a moral certainty as would influence the minds of the jury in the important affairs of life."

The judgment of a reasonable man in the ordinary affairs of life, however important, is influenced and controlled by the preponderance of evidence. Juries are permitted and instructed to apply the same rule to the determination of civil actions involving rights of property only. But in the decision of a criminal case involving life or liberty, something further is required. There must be more than a preponderance of evidence. There must be in the minds of the jury an abiding conviction, to a moral certainty, of the truth of the charge, derived from a comparison and consideration of the evidence. They must be entirely satisfied of the guilt of the accused.

For the error of this instruction the case must be remanded for a new trial; and we do not deem it necessary to notice the other points made by appellant.

Judgment reversed and cause remanded for a new trial.