[No. 10,209.]

## THE PEOPLE *v.* AH SING.

Preponderance of [Evidence in Criminal Case.—In a criminal case, the jury cannot convict the defendant merely because they believe the evidence is such that a man of prudence would act upon it in his own affairs of the greatest importance; but the jury should be fully convinced of the correctness of their conclusion that the defendant is guilty.

Appeal from the District Court, County of San Luis Obispo.

The defendant was charged in the indictment with having murdered Ah Jack. The evidence for the people proved the *corpus delicti*, but tended to show that the deceased was assaulted by Ah Sing, Ah You and Ah Him, and was killed by a pistol ball, and that the defendant had previously threatened to kill the deceased. The defendant's testimony tended to show that the deceased was the assailant, and to disprove the evidence as to threats. The defendant was convicted of murder in the first degree, and appealed.

*William J. Graves,* for the Appellant.

*Jo Hamilton, Attorney-General,* for the People.

By the Court, WALLACE, C. J.:

The court below, after instructing the jury that the defendants on trial upon an indictment for murder are presumed to be innocent until proven guilty beyond a reasonable doubt, proceeded as follows: "A reasonable doubt is that state of a case, which after the entire comparison and consideration of all the evidence, leaves the minds of the jurors in that condition that they cannot feel an abiding conviction, to a moral certainty, of the truth of the charge. The doubt must not be vague and shadowy. Absolute certainty is rarely attainable and is never required. *If the evidence is such that a man of prudence would act upon it in his own affairs of the greatest importance, then there cannot remain a reasonable doubt within the meaning of the law.*" The defendants excepted to so much of the instruction as is italicized.

I do not understand the Attorney-General to claim in argument here that the latter portion of the instruction can be supported. In *People* v. *Brannan,* 47 Cal. 96, the jury had been told that they might convict, if "*satisfied of the guilt of the defendant to such a moral certainty as would influence the minds of the jury in the important affairs of life.*" We held the instruction in that case erroneous, because it required nothing more than a mere preponderance of evidence to work a conviction of the prisoner. I do not perceive

any substantial difference between the instruction considered in that case and the one under consideration in this case, and the views we then expressed upon the point I think decisive of this appeal. It is certainly a mistake to say that there cannot remain a reasonable doubt when even the evidence is such "that *a man of prudence would act upon it in his own affairs of the greatest importance.*"

"Men frequently act in their own grave and important concerns (said the Court of Appeals of Kentucky) without a firm conviction that the conclusion upon which they proceed to act is correct; but having deliberately weighed all the facts and circumstances known to them, they form a conclusion upon which they proceed to act, although they may not be fully convinced of its correctness. But this degree of certainty is wholly insufficient to authorize a verdict of guilty in a criminal case. In such a case the jury should be fully convinced of the correctness of their conclusion that the prisoner was guilty, and that conviction should be so clear and strong as to exclude from their minds all reasonable doubt that their conclusion was correct." (*Jane, a slave,* v. *Commonwealth,* 2 Metcalf, 30.) In that case the jury had been instructed that if they should conclude, from the facts and circumstances proven, "that there is that *degree of certainty* in the case, that they would act on it in their own grave and important concerns, that is the degree of certainty which the law requires, and which will justify and warrant them in returning a verdict of guilty." (See also *State* v. *Oscar,* 7 Jones R., N. C. 305.)

Judgment reversed and cause remanded for a new trial.