## PALMERSTON v. TERRITORY.

(February 5, 1890.)

### CRIMINAL LAW—REASONABLE DOUBT.

An instruction that "the proof is deemed sufficient when the evidence is sufficient to impress the judgment of ordinarily prudent men with a conviction on which they would act in an important affair of their own" does not correctly state the law of reasonable doubt.[1]

Error to district court, Albany county.

One Palmerston was convicted of burglary, and brings error. Reversed.

*John Charles Thompson,* for plaintiff in error. *Atty. Gen. Donzelmann,* for the Territory.

CORN, J. Plaintiff in error was tried at the March term, 1889, of the Albany county district court, upon an indictment for burglary, found guilty, and sentenced to the penitentiary. He brings the case to this court by petition in error.

Among other errors assigned in the motion for a new trial, it is alleged that the court erred in giving to the jury the following instruction, over the objection of the defendant: "The 'reasonable doubt' which entitles an accused to acquittal is a doubt of guilt reasonably arising from all the evidence in the case. It does not mean a doubt arising from mere caprice or groundless conjecture. The proof is to be deemed sufficient when the evidence is sufficient to impress the judgment of ordinarily prudent men with a conviction on which they would act in an

important affair of their own." The court, in another part of the charge, instructed the jury that "the defendant is presumed to be innocent of the offense charged; and, unless you believe that he has been proven, beyond a reasonable doubt, to be guilty, you should acquit him." The instruction complained of is an explanation of the instruction last referred to, and a definition of the character or degree of certainty which must exist in the minds of the jury to justify a conviction, and is the only instruction upon the subject.

What is a proper definition of a "reasonable doubt" is a question which has been much discussed by law-writers, and in the decisions of the courts; and a correct statement of the principle is not by any means confined to one form of words. But what an instruction must contain to correctly state the principle seems to be quite well settled. We do not think the instruction in question correctly states the law. The jury are instructed that "the proof is deemed sufficient when the evidence is sufficient to impress the judgment of ordinarily prudent men with a conviction on which they would act in an important affair of their own." Now, it is plain that not only ordinarily prudent men, but men of the highest prudence and sagacity, often do and must choose between two lines of conduct, and act in matters of the greatest importance, upon a very slight preponderance of evidence. There are many exigencies, arising in the most important affairs of life, when the only thing reasonably certain is that not to act at all will be disastrous. The more prudent and sagacious a man is under such circumstances, the more promptly he will act, using his best judgment at the moment, though he be by no means convinced beyond reasonable doubt of the correctness of his action. But no such exigency can lawfully arise in the discharge of the duties of a juror in a criminal case. Where the evidence only preponderates, but falls short of moral certainty, he is not at liberty, under the law, to render a verdict which seems to him, from all the evidence, most likely to be the true one, although, in an important affair of his own, such weight of evidence might be ample to decide his action. But, upon the contrary, it is his duty, in such a case, to render a verdict which may seem to him to be against the weight of the evidence. It does not mend

---

[1] See Cornish v. Territory, ante, 95, and note.

the matter to urge that the use of the word "conviction" in the instruction precludes the idea of such uncertainty, and such want of evidence to act upon. If the instruction were simply that "the proof is deemed sufficient when the evidence is sufficient to impress the judgment of ordinarily prudent men with conviction," it might be without objection as a legal proposition, though it might not be deemed to greatly illuminate the subject. But it immediately proceeds to state what character or degree of conviction is sufficient; and the degree of conviction which is said to be sufficient falls far short of "moral certainty," or "conviction beyond reasonable doubt." That is, it is such a conviction as an ordinarily prudent man would act upon in an important affair of his own; and yet such a man would act, in such a case, although his conviction was not beyond reasonable doubt. We think the true doctrine is well expressed in an Indiana case, where it is said that "the jury must be so convinced by the evidence * * * of the defendant's guilt that a prudent man would feel safe to act upon that conviction in matters of the highest concern and importance to his own dearest personal interests, under circumstances where there was no compulsion resting upon him to act at all." Bradley v. State, 31 Ind. 492.

In this case the conviction was had upon the testimony of an accomplice, almost entirely uncorroborated; and the slight evidence in corroboration, while apparently entitled to full credit, was not inconsistent with the defendant's entire innocence of the charge. In such a case the statement of the law should be accurate. The judgment is reversed, and the case remanded for a new trial.