[Crim. No. 175. Department Two.—November 7, 1896.]

# THE PEOPLE, RESPONDENT, *v.* W. E. PAULSELL, APPELLANT.

CRIMINAL LAW—INSTRUCTIONS—REASONABLE DOUBT—DEFINITION IN WEB-
STER CASE—COMMON SENSE—ERROR.—It is error to refuse an instruc-
tion requested by the defendant defining what is a reasonable doubt in
the language adopted by Chief Justice Shaw in the Webster case, and
approved by this court; and it is also error to instruct the jury that a
reasonable doubt must be based upon common sense.

ID.—DISTRUST OF WITNESS.—The courts in giving an instruction upon the
subject of the distrust of a witness who is false in one part of his testi-
mony, should carefully use the exact language of section 2061 of the
Code of Civil Procedure, which provides "that a witness false in one
part of his testimony is to be distrusted in others."

ID.—CIRCUMSTANTIAL EVIDENCE.—It is not proper for the court to read
from the opinion of a court on the question of circumstantial evidence,
and then instruct the jury that the part quoted is not the law in this
state; but the court should instruct only affirmatively as to what the
law is, not what it is not; and it is ambiguous and might be misleading
to instruct the jury "that all the circumstances should tend to establish
the guilt of the defendant, and be inconsistent with any other hypothe-
sis," since all the circumstances taken together must do something more
than tend to establish such guilt; they should *establish* the guilt of the de-
fendant.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco and from an order
denying a new trial. EDW. A. BELCHER, Judge.

The instruction given to the jury by the court on the
subject of reasonable doubt is as follows: "As the ex-
clusive arbiters of the facts, it is for you to say what
has been proved and established to your satisfaction in
this case, being minded that if that proof to your satis-
faction shall make against the defendant, then it must
be proof beyond all reasonable doubt and to a moral
certainty. . . . . Now, the reasonable doubt that you
have heard me speak of means precisely what the words
import: A fair doubt, growing out of the evidence in
the case, based upon reason and common sense. It is
such a doubt as may leave the minds of the jury, after
considering all the evidence in the case, in that state
that they cannot say they feel an abiding conviction to

a moral certainty of the truth of the charge." Further facts are stated in the opinion of the court.

*Reddy, Campbell & Metson* and *T. C. Coogan*, for Appellant.

The court erred in overruling the challenges, by defendant, of jurors Baldwin and Ruggles, as the examination of each on his *voir dire* showed that he was of the opinion that the mere accusation of a crime destroyed the credibility of the witness, and to be on trial upon a criminal charge was the same as to be convicted of a crime. (*State* v. *Vasquez*, 16 Nev. 42; *State* v. *Johnson*, 16 Nev. 36.) The examination of juror W. D. Walker showed that he had received an impression, and there was no evidence to support a finding of the court that his opinion was founded upon public rumor or neighborhood gossip. (*People* v. *Wells*, 100 Cal. 227.) The examination of Emil Greenebaum showed that he had an opinion fixed and unalterable, and was not only prejudiced against defendant, but believed him guilty, and too much then should not be placed upon his declaration that, if the circumstances on which his opinion was founded should not be supported by the evidence, his opinion of defendant's guilt would be removed. (*People* v. *Gehr*, 8 Cal. 359.) Nor would the fact that defendant had a fair trial, by a fair and impartial jury, be an answer to the contention that these jurors were unfit to try the cause. (*People* v. *Stewart*, 7 Cal. 141; *People* v. *Ybarra*, 17 Cal. 166; *People* v. *Murphy*, 47 Cal. 103; *People* v. *Stanley*, 47 Cal. 113; 17 Am. Rep. 401; *People* v. *Furtado*, 57 Cal. 345; *People* v. *Williams*, 18 Cal. 187.) The court erred in its instruction to the jury in regard to "reasonable doubt," in that it makes fairness and common sense, instead of reason, the basis of doubt. (Century Dictionary, tit. "Common Sense"; *People* v. *Ah Sing*, 51 Cal. 372.) The instruction is also defective in stating that the reasonable doubt must be a doubt growing out of the evidence in the case. (*Densmore* v. *State*, 67 Ind. 307; 33 Am. Rep. 96; *Wright* v.

*State,* 69 Ind. 163; 35 Am. Rep. 212; *Batten* v. *State,* 80 Ind. 394; *Massey* v. *State,* 1 Tex. App. 570; *Holmes* v. *State,* 9 Tex. App. 313; *State* v. *Rover,* 11 Nev. 348; *Mixon* v. *State,* 55 Miss. 527; *People* v. *Brown,* 59 Cal. 345.) And if the instruction asked for by the defendant and refused by the court were sound, and correctly stated the law, it ought to have been given, notwithstanding it had been given elsewhere. (*People* v. *Lackanais,* 32 Cal. 435.) The court erred in instructing the jury that a witness proved to be willfully false in one part of his testimony may be distrusted in other parts of it, as the statute provides that he is to be distrusted. (Code Civ. Proc., sec. 2061; *White* v. *Disher,* 67 Cal. 402.) The court erred in reading to the jury that portion of the opinion of the court in *People* v. *Morrow,* 60 Cal. 142, relating to circumstantial evidence, as it was a statement of the law of another state which is not the law of this state, and could only subserve to mislead the jury. (*People* v. *Ah Sing, supra; People* v. *Bemmerly,* 87 Cal. 121.) It was also error to instruct the jury that all the circumstances must tend to establish the guilt of the defendant, and be inconsistent with any other rational hypothesis. All the circumstances, when taken together, must not only tend to, but must, establish his guilt beyond a reasonable doubt. When the charge is of doubtful meaning and liable to be° misunderstood, the court will reverse. (*Pannell* v. *Commonwealth,* 86 Pa. St. 260, 268.)

*W. F. Fitzgerald, Attorney General, W. H. Anderson, Assistant Attorney General,* and *C. N. Post, Deputy Attorney General,* for Respondent.

The court did not err in its rulings during the selection of the jury. The jurors had a right to believe anything, save the one fact that accused committed the act charged, and still be competent to sit. (Abbott's Trial Brief, Criminal Causes, sec. 268; *People* v. *Buddensieck,* 103 N. Y. 487; 57 Am. Rep. 766). A supposition that what has been heard or read of a case is true does not disqualify. (Abbott's Trial Brief, Criminal Causes,

sec. 269; Pen. Code, sec. 1076; *People* v. *Spies*, 122 Ill.
1; 3 Am. St. Rep. 320; *Spies* v. *Illinois*, 123 U. S. 170;
*People* v. *Thiede*, 11 Utah, 241; *Hopt* v. *Utah*, 120 U. S.
434; *Boyse* v. *State*, 68 N. W. Rep. 811.)   A juror, whose
mind is in a condition that he can do justice according to
the testimony and instructions of the court, is competent,
whatever his answers to defendant's counsel have been.
(*State* v. *Le Duff*, 46 La. Ann. 546; *Siberry* v. *State*, 39
N. E. Rep. 936; *State* v. *Sorter*, 52 Kan. 531; *State* v. *Duffy*,
27 S. W. Rep. 358; *State* v. *Robinson*, 117 Mo. 649; *People*
v. *Martell*, 138 N. Y. 595; *People* v. *McGonegal*, 136 N. Y.
62.)   A challenge for cause is properly overruled where
the juror has formed an opinion which it would take
evidence to remove, but such opinion is not fixed, and
he states that he will be guided entirely by the evidence.
(*English* v. *State*, 38 Fla. 340, 356; *State* v. *Summers*, 36
S. C. 479; *Lyles* v. *Commonwealth*, 88 Va. 396; *Commonwealth* v. *McMillan*, 144 Pa. St. 610; *Suit* v. *State*, 30
Tex. App. 319; *State* v. *Garig*, 43 La. Ann. 365, 934;
*Young* v. *Johnson*, 123 N. Y. 226; *Territory* v. *Bryson*,
9 Mont. 32; *People* v. *M'Laughlin*, 37 N. Y. Supp. 1005;
2 N. Y. App. Div. 408.)   There was no error in any of
the instructions given by the court, nor in refusing
defendant's proposed instruction in regard to "reasonable doubt," as it had already been substantially given.
(*People* v. *Treadwell*, 69 Cal. 226; *People* v. *McNamara*,
94 Cal. 510.)   A reasonable doubt is not a mere guess
or surmise that the man may not be guilty; it is such
a doubt as a reasonable man might entertain after a
fair review and consideration of the evidence; a doubt
for which some good reason, arising from the evidence,
can be given.   (*People* v. *Guidici*, 100 N. Y. 503.)   It is
error for the judge to advise the jury that the testimony
of a witness who has knowingly sworn falsely to a material fact is to be disregarded or disbelieved.   There is
no rule of law which imperatively requires the jury to
reject the testimony of such a witness, and such an instruction clearly invades their exclusive province of
saying what witnesses they will believe, and what they

will disbelieve.   (10 Crim. Law Mag., 167, 168; *People* v. *Petmecky*, 99 N. Y. 415; *Moett* v. *People*, 85 N. Y. 373; *Jordan* v. *State*, 81 Ala. 20; *People* v. *O'Neil*, 109 N. Y. 251; 3 Rice on Evidence, 293; *Dunn* v. *People*, 29 N. Y. 522; 86 Am. Dec. 319; *Deering* v. *Metcalf*, 74 N. Y. 501; *People* v. *Reavey*, 38 Hun, 418; 4 N. Y. Crim. Rep. 1; *Grimes* v. *State*, 63 Ala. 166; *Jordan* v. *State*, 81 Ala. 20; 29 Am. & Eng. Ency. of Law, 766–68; Code Civ. Proc., sec. 1847.)   There was no error in the court's reading to the jury the portion of the opinion in the case of *People* v. *Morrow*, 60 Cal. 145, relating to circumstantial evidence.   (*People* v. *Williams*, 24 Cal. 31.)   The instruction relating to circumstantial evidence as a whole, correctly states the law and is sufficient.   (*People* v. *Leary*, 105 Cal. 498; *People* v. *Gibson*, 106 Cal. 458.)

McFARLAND, J.—The defendant was convicted of robbery, and appeals from the judgment and from an order denying his motion for a new trial.

The judgment must be reversed and a new trial ordered on account of instructions given and refused upon the subject of reasonable doubt—a subject upon which we had hoped there would be no further difficulty, except where instructions had been presented upon that subject by the defendant.   We have frequently held that where the well-known definition of reasonable doubt of Chief Justice Shaw in the Webster case had been given to the jury, we would be loth to reverse a judgment for the refusal of the court to give other instructions upon the subject; and we have frequently warned trial courts against departing to any considerable extent from that definition.   In *People* v. *Chun Heong*, 86 Cal. 332, the court, through Beatty, C. J., said: "We cannot, however, abstain from again expressing the hope that the trial judges who have made use of this form of instruction will eventually see the propriety of returning to the approved definition, which, since the time of Chief Justice Shaw, has never been improved upon."   In *People* v. *Karnaghan*, 72 Cal. 610, we said: "For instance,

the definition—or, rather, description—of 'reasonable doubt' given by Chief Justice Shaw in the Webster case has been adopted by this court, and by nearly all American courts, as a statement of that mental condition sufficiently accurate. Therefore, where a *nisi prius* court had given the language used by Chief Justice Shaw, and had confined itself to such language, we would be slow to reverse the case, although other instructions upon the subject, not objectionable, had been asked by defendant and had been refused." In *People* v. *Lenon,* 79 Cal. 629, we said: "Most instructions of courts on the old subject of reasonable doubt turn out to be erroneous when they ambitiously step outside of well-established bounds." (See, also, *People* v. *Lee Sare Bo,* 72 Cal. 626.) If, in the case at bar, the court had given the instruction which has been so often approved by this court, and the point of appellant had been that other instructions were inconsistent with the said Shaw definition, then we would have been compelled to look closely into the other instructions to see if there was any such inconsistency which was material. But, in the case at bar, it happens that the appellant himself asked the court to give said definition of reasonable doubt, which is found in the said Webster case, in the following language: "In the words of our own supreme court, a reasonable doubt is that state of the case which, after an entire comparison and consideration of all the evidence, leaves the minds of the jury in that condition that they cannot say that they feel an abiding conviction to a moral certainty of the truth of the charge"; and the court refused to give said instruction upon the ground that it was "given by the court elsewhere." Of course, it was clearly error to refuse this instruction. It ought to have been given, even if the court intended to say anything further upon the subject. We do not feel ourselves called upon to critically examine what is claimed to be the equivalent of the said refused instruction, and to determine upon a close analysis whether what the court said was, in fact, the exact equivalent of

the said instruction which it refused to give.    If experi-
mental departures from the well-established language
sanctioned by all courts upon the subject of reasonable
doubt are to be here allowed, and each trial court is to
venture upon unusual language to express the idea con-
tained in language so often approved, we will be afloat
upon a new and unknown sea, and complications will
arise in every criminal case coming here which will be
very difficult to unravel.    In the present case, it is suffi-
cient to say that the court introduced the new and un-
used phrase "common sense," and told the jury that
the doubt must be based upon that.    Counsel for appel-
lant argues—after giving some of the definitions of
common sense to be found in the dictionaries—that this
language is merely the equivalent of saying that a jury
should convict if they are satisfied of the guilt of the
defendant to such a certainty as would influence their
minds in the important affairs of life; which was held
to be unsound by this court in *People* v. *Brannon,* 47
Cal. 96, *People* v. *Ah Sing,* 51 Cal. 372, and *People* v.
*Bemmerly,* 87 Cal. 121.    It is sufficient to say, however,
that the phrase "common sense" is about as uncertain
as any phrase in the language.    When one speaks of
common sense, he generally means his own sense; and
there is no warrant for the unnecessary use of such a
term when there is apt language to express the idea of
reasonable doubt which has been frequently approved
and pointed out as the language proper to be used.    For
this reason the judgment must be reversed.

Section 2061, of the Code of Civil Procedure, pro-
vides: "That a witness false in one part of his testimony
*is to be* distrusted in others."    The court in instructing
the jury of its own motion unfortunately changed the
statutory language so as to make it as follows: "A wit-
ness proved to be willfully false in one part of his testi-
mony *may be* distrusted in other parts of it."    While
the court undoubtedly should have been careful to use,
on this subject, the language of the statute, we are not
prepared to say that the judgment should be reversed

on this account. But upon another trial the court no doubt will be more careful to follow the statutory language.

In its charge to the jury upon the subject of circumstantial evidence, the court read quite a long extract from the opinion of another court in another case, which contained really quite an argument in favor of the conclusiveness of circumstantial evidence, and a statement that such evidence was sufficient if it warranted a belief "as strong and certain as that on which discreet men are accustomed to act in relation to their most important concerns"; and the court then told the jury that the part of said opinion just quoted was not the law in this state. This course, we think, was improper. It is usually the province of the court to tell the jury what the law is, not what it is not; and, while we are not called upon to say whether or not such a course would warrant a reversal of the judgment, we may say, at least, that it is not commendable. The court also instructed the jury upon this subject as follows: "The doctrine of circumstantial evidence, in brief, is this, that all the circumstances must tend to establish the guilt of the defendant, and be inconsistent with any other rational hypothesis." This language is somewhat ambiguous, and might be misleading. All of the circumstances taken together should *establish* the guilt of the defendant—they should do something more than merely *tend* to establish such guilt.

It is contended by the appellant that the court erred in overruling challenges to certain jurors upon the ground of bias. We do not think, however, that this contention can be maintained, and the same questions will probably not arise upon another trial. ·

. We see no other points necessary to be specially noticed.

The judgment and order appealed from are reversed and the cause remanded for a new trial.

HENSHAW, J., concurred.

Temple, J.—I concur in the judgment and in the opinion, except the reference to section 2061, of the Code of Civil Procedure. The instruction should be given only when made proper by some evidence. It is then to tell the jury that they must distrust a particular witness. This is an interference with the province of the jury which the legislature cannot authorize. It is prohibited by section 19, article VI, of the constitution. (See *Kauffman* v. *Maier*, 94 Cal. 269.)