## HERMAN C. PATZWALD v. UNITED STATES.

(Filed July 30, 1898.)

CRIMINAL LAW—*Reasonable Doubt—Rule Applied.* The trial court instructed the jury that: "You are further instructed that the reasonable doubt which entitles an accused to an acquittal is a doubt of guilt reasonably arising from all the evidence in the case. The proof is deemed to be beyond a reasonable doubt when the evidence is sufficient to impress the judgment of ordinarily prudent men with a conviction upon which they would act without hesitation in their own most important concerns and affairs of life. If, after a full, fair, and impartial consideration of all the evidence in the case, the instructions of the court, and the argument of counsel, you can say and feel that you have an abiding faith of the truth of the charge of the guilt of the accused, then you are convinced beyond a reasonable doubt." *Held* to not properly state the law, and, even though the first two sentences were a proper statement of the law, the last clause stated a different rule, and may have misled the jury. (Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before Henry W. Scott, District Judge.*

*T. G. Chambers* and *Dille & Burford,* for plaintiff in error.

*S. L. Overstreet, United States Attorney,* for defendant in error.

Herman C. Patzwald was convicted of perjury and brings error. Reversed.

Opinion of the court by

BURWELL, J.: Herman C. Patzwald was, on the 6th day of January, 1895, indicted by a United States grand jury in the district court of Oklahoma county for the crime of perjury, alleged to have been committed in the United States land office at Oklahoma City, in said county, while testifying in a land contest case. On the trial the jury returned a verdict of guilty. After the usual motions he was by the court sentenced to serve a term of three years in the penitentiary, whereupon defendant appealed to this court.

The only record presented by the case-made is the indictment; a brief statement of the arrest and trial, copies of the instructions, verdict, and motion for a new trial, and a statement of his sentence. A reversal is asked on account of alleged errors in the instructions. If the insructions would be good in any case, under an indictment like the one on which the defendant was tried, a new trial must be refused, because we have not the entire record before us, and the presumption of law is that the cause tried was the kind of a cause in which the instructions complained of would not be error; but it

would be different if such instructions could not have correctly stated the law under any condition.

Error is assigned to the giving of instructions from 2 to 21, inclusive, and an exception was allowed to each separately. Without considering the second and third instructions, we will proceed to a consideration of the fourth, which purports to be an explanation of the term "reasonable doubt." It is in the following language:

"(4.) You are further instructed that the reasonable doubt which entitles an accused to an acquittal is a doubt of guilt reasonably arising from all the evidence in the case. The proof is deemed to be beyond a reasonable doubt when the evidence is sufficient to impress the judgment of ordinarily prudent men with a conviction upon which they would act without hesitation in their own most important concerns and affairs of life. If, after a full, fair, and impartial consideration of all the evidence in the case, the instructions of the court, and the arguments of counsel, you can say and feel that you have an abiding faith of the truth of the charge of the guilt of the accused, then you are convinced beyond a reasonable doubt."

Section 5201 (Procedure Criminal) of the Statutes of Oklahoma provides that "a defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt as to whether his guilt is satisfactorily shown, he is entitled to be acquitted." As has been said by some of the ablest courts, the expression "reasonable doubt" is as plain and is as well understood by the common people as any other expression that can be used to explain it, and in some of the states the courts do not attempt to define its meaning. The first part of the instruction given, stating "that the reasonable doubt which entitles an accused to an acquittal is a doubt of guilt reasonably arising from all

the evidence in the case," and that "the proof is deemed to be beyond a reasonable doubt when the evidence is sufficient to impress the judgment of ordinarily prudent men with a conviction upon which they would act without hesitation in their own most important concerns and affairs of life," has been upheld by several of the states, while others have condemned the use of this and other similar language in the strongest terms.

In *Palmerston v. Territory*, 23 Pac. 73, the supreme court of Wyoming overruled a judgment of the lower court for the reason that in defining the expression "reasonable doubt" the trial court said: "The proof is deemed sufficient when the evidence is sufficient to impress the judgment of ordinarily prudent men with a conviction upon which they would act in an important affair of their own," and, commenting upon the instruction said: "We do not think the instruction in question correctly states the law.  *  *  Now, it is plain that not only ordinarily prudent men, but men of the highest prudence and sagacity, often do and must choose between two lines of conduct, and act in matters of the greatest importance upon a very slight preponderance.  There are many exigencies arising in the most important affairs of life when the only thing reasonably certain is that not to act at all will be disastrous.  The more prudent and sagacious a man is under such circumstances, the more promptly he will act, using his best judgment at the moment, though he be by no means convinced beyond a reasonable doubt of the correctness of his action."

In *People v. Ah Sing*, 51 Cal. 372, it was held that an instruction which stated, "If the evidence is such that a man of prudence would act upon it in his own affairs of the greatest importance, then there cannot remain a

reasonable doubt, within the meaning of the law," was erroneous.

In *People v. Bemmerly*, (Cal.) 25 Pac. 266, an instruction that "such a doubt as would induce a man of reasonable firmness and judgment to act upon it in matters of importance to himself," etc., was held to not properly state the law.

What is a reasonable doubt? The trial court in this case told the jury, in the latter part of its instructions, "if, after a full, fair, and impartial consideration of all the evidence in the case, the instructions of the court, and the argument of counsel, you can say and feel that you have an abiding faith of the truth of the charge of the guilt of the accused, then you are convinced beyond a reasonable doubt." "Abiding faith." "Abiding" means continuing, permanent, durable. "Faith" means, as used in this connection, the assent of the mind to what is stated or put forward by another; trust or confidence in the veracity of another. An abiding faith would be a belief or confidence in the guilt of the accused, which remains or continues in the minds of the jury  It is certainly true that, before a jury can convict a person charged with a crime, they must have an abiding faith of the truth of the charge of his guilt. But what degree of faith? How strong must that faith be, before it crosses the line which separates the realm of doubt from that of moral certainty? Of this, the court, when it attempted to explain or define these words, should have advised the jury. The instruction given by the trial court in this case has been given and approved in other states with the words, "amounting to a moral certainty" immediately following the words, "abiding faith." But no-

where in any of the books have we been able to find the instruction as given approved by any court.

Hammond, J., charging the jury in the case of *U. S. v. Means* (Cir. Ct. S D. Ohio) 42 Fed. 599, said: "What does this mean—'reasonable doubt'? A reasonable doubt is an honest misgiving generated by the insufficiency of the truth, which your reason sanctions as a substantial doubt  If, after you have weighed all the evidence, on your oaths to try the question of guilt according to the law and the testimony, and looking to all the proof, and only to the proof, you impartially and honestly entertain the belief that these defendants may be innocent of the offense charged against them, they are entitled to the benefit of that doubt, and should be acquitted."

The following instruction was given by the trial court in the Anarchists' Case, 12 N. E. 865, at the request of the defendants, and was afterwards approved by the supreme court of Illinois. "A reasonable doubt is that state of the mind which, after a full comparison and consideration of all the evidence, both for the state and defense, leaves the minds of the jury in that condition that they cannot say that they feel an abiding faith amounting to a moral certainty from the evidence in the case that the defendants are guilty of the charge as laid in the indictment.  If you have such doubts—if your conviction of the defendants' guilt as laid in the indictment does not amount to a moral certainty from the evidence in the case—then the court instructs you that you must acquit the defendants."

Chief Justice Shaw, in the celebrated case of *Com. v. Webster*, 5 Cush. 295, says: "A reasonable doubt is that state of the case which, after the entire comparison and consideration of all the evidence, leaves the minds of the

jurors in that condition that they cannot say that they feel an abiding conviction, to a moral certainty, of tne truth of the charge; that is, to a certainty that convinces and directs the understanding and satisfies the reason and judgment of those who are bound to act conscienti- ously upon it."

Mr. Thompson, in his work on Trials, sates that the last above expression has been embodied in instructions in numerous subsequent cases in other jurisdictions, and always with approval of the appellate tribunals.

A careful examination of the authorities will show that in nearly all of the instructions upon reasonable doubt which have been approved by the appellate courts the words "to a moral certainty" are used. The law writers have defined "moral certainty" to be the state of impression produced by facts, in which a reas- onable mind feels a sort of coercion or necessity to act in accordance with it; the conclusion presented being one which cannot, morally speaking, be avoided, con- sistently with adherence to truth. These words are very strong,—much stronger than an "abiding faith" in the guilt of the accused. A jury, before convicting a man of crime, should have an abiding conviction, to a moral certainty, of the truth of the charge against him. The books are full of cases in which is defined the meaning of "reasonable doubt," but the instruction as given in the case of Com. v. Webster, has been more frequently given and approved by the courts of the country, either in exact language or with slight modifications, than any other; and while there are several different forms of in- structions as to reasonable doubt given by the different states, either one of which is undoubtedly good, still, like California and Kansas, we are inclined to the opinion

that the instruction, as given by Chief Justice Shaw in the case of *Com. v. Webster, supra*, is as near if not nearer correct than any other. After an examination of many authorities upon the question of reasonable doubt, we are firmly convinced that the latter part of instruction 4, which states, "If, after a full, fair, and impartial consideration of all the evidence in the case, the instructions of the court, the argument of counsel, you can say and feel that you have an abiding faith of the truth of the charge of the guilt of the accused, then you are convinced beyond a reasonable doubt," was not a correct statement of the law, and authorized the conviction of the defendant upon evidence which might fall far short of convincing the minds of the jury beyond a reasonable doubt of the guilt of the accused; and, so far as that expression is concerned, we find the instruction erroneous and prejudicial to the rights of the defendant; and even though the rule, as stated in the first part of the instruction, were correct, the latter part of the same instruction stated a different rule, which may have misled the jury.

As this point is decisive of the case, it is not necessary to consider any of the other assignments of error. For the reasons herein stated, the judgment of the lower court is reversed, and a new trial granted, for which this cause is remanded to the district court. The warden of the United States penitentiary will deliver the said Herman C. Patzwald to the United States marshal for Oklahoma, if confined in said penitentiary, to be by him (the said marshal) held to await the further order and judgment of the district court of Oklahoma county.

Burford, C. J., having been of counsel, not sitting; all of the other Justices concurring.